DAVID M. ROSENBERG-WOHL (Cal. Bar No. 132924)
HERSHENSON ROSENBERG-WOHL
A PROFESSIONAL CORPORATION
315 Montgomery St., 8th Fl.
San Francisco, CA 94104
(415) 829-4330
david@hrw-law.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERLENE AND LAWRENCE WONG, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>CHART INDUSTRIES, INC., AND DOES 1-10,<br><br>Defendants. | Case No.: [TBD]<br><br>COMPLAINT [CLASS ACTION] |

Plaintiffs, Sherlene and Lawrence Wong ("Sherlene," "Lawrence," "the Wongs," or "Plaintiffs"), by and through the undersigned counsel, brings this Class Action Complaint against Defendant Chart Industries, Inc. ("Chart" or "Defendant") and Does 1-10 (together, with "Defendant," as "Defendants") for declarative and injunctive relief, and other significant relief incident thereto including an award of attorneys' fees and costs, and in support thereof state as follows:

JURISDITION AND VENUE

1. This Court has federal diversity jurisdiction pursuant to 28 U.S.C. sec. 1332 because the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000. Plaintiffs are citizens of California. Defendant is a corporation registered under the laws of Delaware headquartered in Georgia.

2. Chart is subject to personal jurisdiction throughout California pursuant to 28 U.S.C. secs. 1391(b)(2) and (3) because it enters into contracts with physicians/fertility clinics who/which reside and practice there.

COMPLAINT [CLASS ACTION] - 1

3. Venue is proper in this District under 28 U.S.C. secs. 1391(b) and (c) because Defendant seeks to do and does business in this District, and Defendant is subject to personal jurisdiction in this District. See the Declarations of Lawrence and Sherlene Wong, attached hereto as Exhs. A and B, respectively.

## FACTUAL ALLEGATIONS

4. Chart manufactures and distributes cryogenic equipment to allow the preservation of human biological tissues. In more colloquial language, it makes tanks which fertility centers buy and use to store eggs and embryos from couples such as the Wongs for later use.

5. Chart manufactured "Tank 4," the tank owned by Pacific Fertility Center in San Francisco that failed on March 4, 2018, compromising and destroying its contents. The Wongs lost three embryos. In all, thousands of eggs and embryos were lost to more than 400 individuals and families.

6. As reported to the Wongs by Pacific Fertility Center, the tank was discovered to have lost a considerable amount of liquid nitrogen over an undetermined time period, effectively thawing or partially thawing the biological products. The tank failed to preserve its contents.

7. As reported to the Wongs by Pacific Fertility Center, the problem "likely involved a failure of the tank's vacuum seal."

8. No product is perfect. But depending on its purpose and use, we expect products to have not just appropriate design and manufacturing to avoid failure but "safety" or "back-up" mechanisms in place to deal with unexpected but possibly catastrophic incidents. Especially where these are easy and relatively inexpensive to do. This is what consumers expect and deserve, the risks of failing to address the issues outweighs any benefits associated with that choice, and it is also what the standard of care in designing and manufacturing requires.

9. "Tank 4" lacked a safety and/or back-up mechanism that was effective and reasonable. There was, for example, evidently no alarm indicating a problem and likewise no mechanism for automatic refilling of nitrogen or other manner by which temperatures could be properly maintained.

10. On information and belief, Chart's entire product line of cryogenic tanks to store human biological tissue lacks effective and/or reasonable safety and/or back-up mechanisms.

11. No attendant risks were communicated by Chart to its customers, including Pacific Fertility Center, independent physicians such as the fertility physician consulted by the Wongs, Dr. Aimee Eyvazzadeh, and

COMPLAINT [CLASS ACTION] - 2

either directly or indirectly to the Wongs themselves, about Tank 4 or other products. This would have been reasonable to do. And had it been done, the Wongs would have had appropriate knowledge.

12. On or about April 23, 2018, Chart issued a recall notice for some of its cryogenic products due to "reports of a vacuum leak or failure that could compromise the product." On information and belief, Chart had or should have had that knowledge earlier than it did and certainly in advance of the failure at Pacific Fertility Center. Chart could and should have recalled Tank 4, as well as other products. Chart has yet to do anything regarding the safety issues involving Tank 4. On information and belief, Chart has yet to make changes to any of its products' designs and/or manufacturing, or to any process by which it could notify and/or warn customers of safety issues.

13. Chart is an industry leader in California. Its products are used by most if not all of the fertility clinics in the State. On information and belief, if a fertility clinic does not have a Chart cryogenic product, any product it may have would be designed and manufactured with the specifications and features of the dominant Chart products in mind. And those specifications and features are defective and negligently made and distributed.

14. The Wongs are undergoing another cycle of in vitro fertilization. They inquired of Chart following the incident and heard nothing. The other clinics they are considering all use Chart products. Their ultimate choice will have to be a clinic that uses Chart products, just like the Pacific Fertility Center.

15. Chart's conduct has injured and continues to injure the Wongs. The Wongs have lost significant opportunities for family planning as well as experienced anxiety and emotional distress attendant upon not just the loss of their efforts but the uncertain future of continued effort. They have lost the financial benefit of the IVF that they underwent at Pacific Fertility Center as well as have had to incur (and may continue to have to incur) expenses associated with efforts at other centers they would not have had to incur otherwise. They have lost the opportunity to spend money raising the child or children that would have been possible had the Chart tank not failed in the way that it did.

16. Chart has been and continues to be negligent and has taken and continues to take actions and omissions that make it strictly liable to the Wongs under the common law of California. Chart's actions have been and continue to be a violation of the requirements for characteristics and standards applicable to products made available and representations made thereon under the Consumer Legal Remedies Act, California Civil Code sec. 1750 et seq. (particularly, 1770(a)(5) and (7)) as well as the unlawful, fraudulent and unfair

COMPLAINT [CLASS ACTION] - 3

prongs of the Unfair Competition statute, Cal. Bus. & Prof. Code sec. 17200 et seq. They are entitled to declaratory and injunctive relief under California Civil Code sections 1060 and 525 and under 28 USC 2201-02. They are entitled to a declaration and an injunction and any other equitable relief the court deems appropriate under Cal. Civ. Code sec. 1780(a). They are entitled to costs and attorneys' fees under Cal. Civ. Code sec. 1780(e). And they are entitled to attorneys' fees and costs as a result of "enforcement of an important right affecting the public interest" under California Code of Civil Procedure sec. 1021.5 because the benefit here sought is significant, the necessity and financial burden of private enforcement is significant, and there is no recovery separately sought here out of which any such fees would otherwise be payable.

## CLASS ACTION ALLEGATIONS

17. Class definition. All consumers in the State of California who are using or planning to use cryogenic products to freeze their biological tissue, including eggs and zygotes.

18. Subclass: All consumers in the State of California who are presently using cryogenic products to freeze their biological tissue, including eggs and zygotes.

19. Subclass: All consumers in the State of California who are presently using Chart products to freeze their biological tissue, including eggs and zygotes.

20. Subclass: All consumers in the State of California who, within the appropriate period of limitations, have used Chart products subject to recall.

21. Subclass: All consumers in the State of California who, within the appropriate period of limitations, have used the Chart product that is also known at the Pacific Fertility Clinic as Tank 4.

22. Numerosity. For each class and subclass there are so many potential class members that individual joinder of class members is impractical.

23. Commonality. For each class and subclass there are questions of law or fact common to class members.

24. Typicality. For each class and subclass the claims of the Wongs as representatives are typical of those of absent class members.

25. Adequacy of representation. Class counsel and Plaintiffs intend to fairly and adequately protect the interests of absent class members.

COMPLAINT [CLASS ACTION] - 4

26. Federal Rule of Civil Procedure 23(b)(2) allows class treatment when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Class actions are specifically authorized in light of paragraphs 21-24 above under Cal. Civ. Code sec. 1781.

## PAGA/REPRESENTATIVE/PUBLIC DECLARATORY AND INJUNCTIVE ACTION

26. Under Business and Professions Code sec. 17204 and Cal. Civ. Code sec. 1750 et seq., Plaintiffs may also bring individual claims for declaratory and injunctive relief as representatives of the public at large (i.e., representative actions) without the need for certifying a class action.

WHEREFORE, Plaintiffs pray for judgment against Chart and all Defendants that:

a. Defendants be declared to be in violation of law;

b. Defendants be preliminarily and permanently enjoined from committing the acts and/or omissions alleged herein;

c. Defendants be ordered to pay Plaintiffs' attorneys' fees and costs to the extent available; and

d. Plaintiffs be awarded such other and further equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs respectfully request a jury trial on all issues triable thereby.

Dated this 9th of August, 2018.

/s/ David M. Rosenberg-Wohl
David M. Rosenberg-Wohl
HERSHENSON ROSENBERG-WOHL
A PROFESSIONAL CORPORATION

COMPLAINT [CLASS ACTION] - 5

## DECLARATION OF LAWRENCE WONG

1. I am Lawrence Wong. I know the facts in this declaration from my own experience and knowledge and would testify to them if called as a witness.

2. My wife, Sherlene Wong, and I have undergone in vitro fertilization procedures and have stored biological tissue at Pacific Fertility Center, located in San Francisco County, California. The tissue was stored in "Tank 4" at Pacific Fertility Center. That tank, I understand from my physician, Dr. Aimee Eyvazzadeh, was manufactured by Chart, Inc. and that tank's failure has irreversibly compromised our previously cryogenically preserved biological tissue.

3. My wife and I continue to seek and undergo in vitro fertilization. To date, we have inquired of two other centers (one in San Francisco proper and one in the San Francisco Bay Area), both of which have reported to us that they use Chart products. Whatever the choice we ultimately make, it appears certain we will necessarily use Chart products.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 9, 2018

*Lawrence Wong*

Lawrence Wong

1
EXHIBIT A

## DECLARATION OF SHERLENE WONG

1. I am Sherlene Wong. I know the facts in this declaration from my own experience and knowledge and would testify to them if called as a witness.

2. My husband, Lawrence Wong, and I have undergone in vitro fertilization procedures and have stored biological tissue at Pacific Fertility Center, located in San Francisco County, California. The tissue was stored in "Tank 4" at Pacific Fertility Center. That tank, I understand from my physician, Dr. Aimee Eyvazzadeh, was manufactured by Chart, Inc. and that tank's failure has irreversibly compromised our previously cryogenically preserved biological tissue.

3. My husband and I continue to seek and undergo in vitro fertilization. To date, we have inquired of two other centers (one in San Francisco proper and one in the San Francisco Bay Area), both of which have reported to us that they use Chart products. Whatever the choice we ultimately make, it appears certain we will necessarily use Chart products.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 9, 2018

_____
Sherlene Wong

1
EXHIBIT B